IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH SERAMONE, | § | |
| | § | No. 322, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1904020542 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 4, 2025
Decided: August 12, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On July 21, 2025, the appellant, Joseph Seramone, filed a notice of appeal from the Superior Court's order, dated and docketed June 5, 2025, denying his motion for correction of illegal sentence. Under Supreme Court Rules 6 and 11, the last day for filing a timely notice of appeal was July 7, 2025. The Senior Court Clerk therefore issued a notice directing Seramone to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Seramone explains that he is not an attorney and has limited access to the prison law library.

(2)     Time is a jurisdictional requirement.[1]  Unless the appellant satisfies 10 *Del. C.* § 147(b)(1) and Rule 6(a)(iii) or can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, a notice of appeal must be received by the Court within the applicable time period to be effective.[2]

(3)     Seramone does not claim, and the record does not reflect, that he placed the notice of appeal in the prison's internal mail system on or before July 7, 2025, the last day for filing an appeal from the Superior Court's June 5, 2025 order.  Nor has Seramone demonstrated that the untimely filing is attributable to court-related personnel.  This appeal must therefore be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[2] *See* 10 *Del. C.* § 147(b)(1) (effective May 22, 2025) (providing that an appeal filed by a self-represented inmate who is confined in a correctional institution is timely filed if (1) the inmate's notice of appeal is placed in the institution's internal mail system on or before the last day for filing; (2) the first-class postage is prepaid; and (3) the notice of appeal is accompanied by a receipt from the institution's staff verifying the date and time the notice of appeal was placed in the institution's internal mail system); Del. Supr. Ct. R. 6(a)(iii)(C) (as amended July 14, 2025) (similar); *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).